UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                          CRIMINAL ACTION NO. 2:17-00083-02

**DAVID WAYNE YOUNG**

## MEMORANDUM OPINION AND ORDER

Pending is the Motion in Limine to Exclude Non-Pornographic Image, filed by the co-defendant, Misty Dawn Baisden, by her counsel, Christian M. Capece, Federal Public Defender, on August 30, 2017, to which the defendant joined as indicated in his filing of September 14, 2017. A hearing was held thereon on November 20, 2017. Pursuant to the court's order of November 21, 2017, the court received from the government on November 22, 2017, under seal, the photograph at issue and the transcript of the conversation in which it arises. The defendant has not filed an objection thereto.

The defendant is charged, along with his co-defendant, Misty Dawn Baisden, in a twelve-count superseding indictment, of which Count One has been dismissed. The charges include the sex trafficking of minors, attempted enticement of minors and child

pornography offenses. The charges are based on conversations which occurred between the defendants from March 19 through 21, 2017, through an instant messaging cell phone application known as "Kik." The defendants discussed in detail sex acts which defendant Young wished to perform with Victim 1, a twelve-year-old female whom Baisden was willing to provide at some point to Young for commercial sex. The defendants also discussed the sexual activity that Baisden wished to perform with Victim 2, a fourteen-year-old female whom Young was willing to provide to Baisden for commercial sex.

During these conversations, Young sent Baisden sexually explicit images and videos, including the photograph at issue, which depicts two nude minor females, approximately 6 to 9 years of age[1]. The court has reviewed the photograph, hereby designated as Government's Exhibit No. 1, and the transcript of the conversation in which it arises, hereby designated as Government's Exhibit No. 2, both of which are hereby ORDERED filed under SEAL.

Upon review of the photograph, the court concludes that the visual depiction does not constitute child pornography

---

[1]The government contends in its response that the photograph depicts two nude minor females approximately 4 to 8 years of age.

as defined under 18 U.S.C. § 2256(8) inasmuch as the visual depiction does not involve the use of a minor engaged in sexually explicit conduct. "Sexually explicit conduct" is defined at 18 U.S.C. §2256(2)(A)(i)-(v) as follows:

> (2)(A) Except as provided in subparagraph (B), "sexually explicit conduct" means actual or simulated -
> (i) sexual intercourse, including genital-genital, or-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
> (ii) bestiality;
> (iii) masturbation
> (iv) sadistic or masochistic abuse; or
> (v) lascivious exhibition of the genitals or pubic area of any person.

As stated, the photograph is of two nude minor females who look as if they are between 6 and 9 years of age. They appear to be wet and are standing. It is clear that the explicit sexual acts described in 18 U.S.C. § 2256(2)(A)(i)-(iv) are not depicted in the photograph. With respect to 18 U.S.C. § 2256(2)(A)(v), the lascivious exhibition of the genitals or pubic area of any person, the focus of the depiction is not the children's genitals or pubic area. The setting is not sexually suggestive and the children are standing. They are not depicted in an unnatural pose or in inappropriate attire. Further, the photograph does not suggest sexual coyness or a willingness to

3

engage in sexual activity and does not appear to the court to be intended or designed to elicit a sexual response in the viewer.

Although the photograph does not meet the legal definition of child pornography, it is inextricably intertwined with the evidence regarding the charged offenses and is necessary to complete the story of the crimes on trial. A review of the transcript reveals that the defendants were engaged in a lengthy conversation on the instant messaging application, Kik. During the conversations that took place between March 19 and 21, 2017, the defendant requests that Baisden provide him with pictures of Victim 1. At various times, Baisden responds by inquiring of the defendant as to what he would be willing to provide in exchange for the photographs.

As the conversation progresses, when asked by Baisden regarding what he would do with the pics of Victim 1, the defendant stated in graphic terms that he intended to view them while masturbating and then requests "naked pics" of Victim 1. Baisden responded at that point by saying, "They are worth more lots more" and "Got to get haft up front.[2]" The defendant replied by asking what he would need to provide in order "to

---

[2] It is noted that the quotes set forth herein are stated exactly as they appear in the transcript.

4

have her" and what would he have to give to "pop her Cherry" referring to Victim 1.

Next, Baisden sends the defendant two pictures of Victim 1. In these pictures, Victim 1 appears to be clothed in a normal setting with other individuals present. Baisden indicated earlier in the conversation that Victim 1 is wet in the picture and that her "br," presumably "bra," can be seen. The defendant makes several lewd comments about Victim 1's breasts. Baisden then asks the defendant, "So what you getting us." The defendant responds, "A matching set of bra and crotchless panties." At this point, Baisden sends the defendant a photograph of herself when she was younger. The defendant asks her a series of questions about her sexual activities at that age. In response to Baisden's answers, the defendant tells her that, "You know [Victim 1] will the same way once she gets a taste of sex."

At this point, the defendant tells Baisden that she should show Victim 1 how to masturbate. When Baisden asks why, the defendant responds, "She is very special and is a princess. And should be treated as such." Baisden then sends another photograph of Victim 1 who is clothed and appears to be standing in an open field with mud on her clothes. The defendant makes

5

the comment that she is a "dirty girl" and proceeds to describe, in graphic terms, taking a bath with her and the sexual activities in which he would like to engage with her.

The defendant requested that Baisden send to him a "live pic" of Victim 1, to which she replied, "What do I get," and, "Can you just sent money we buy what we want." At that point, the defendant implies that if he sends money he wants intercourse. The defendant then sends Baisden a sexually explicit video of a female engaged in the lascivious exhibition of the genitals and asks that she send him a video of Victim 1 engaging in the same sexually explicit conduct. After that, the defendant sent another sexually explicit video. Baisden responded, "Nice."

The defendant then sent Baisden the photograph of the 6 and 9 year old nude females at issue. Baisden asked him who they are and he said that he did not know. He asked Baisden if she liked, to which she responded, "To small." The defendant then sent a photograph or video of an older nude female and asked Baisden in graphic terms whether or not she would like to perform oral sex on her. Baisden replied in the affirmative adding, "As long as I didn't get in trouble." When Baisden

6

asked if he would like to do the same, he replied, "I would but wish it was [Victim 1]."

Thereafter, the defendant and Baisden continue to discuss engaging Victim 1 in sexually explicit activity, with the defendant revealing that he was masturbating while looking at a photograph of Victim 1. They also discussed what they believe constitutes an appropriate age for sexual activity. At one point, the defendant suggests that Baisden permit him to engage in sexual activity with Victim 1 at age 12, to which Baisden responds, "No maybe 14." Later in the conversation, the defendant again asserts that 12 is an appropriate age for sexual activity because, "If they have started there period that's there body telling them that there ready."

The conversation eventually leads to Baisden describing in explicit detail the sexual activity in which she wished to engage with Victim 2. During this exchange, Baisden asks the defendant if he would let her or help her engage in sexual activity with Victim 2. He responded by saying that he would and they again discussed the appropriate age for sexual activity. Baisden suggested that 14 is a "good age" and the defendant suggested that, "So is 12."

As memorialized above, the photograph designated as Government Exhibit No. 1 is part of a conversation during which the defendant and Baisden discuss engaging in sexual activity with minors and producing child pornography. The conversation also involves what they believe constitutes an appropriate age for a minor to engage in sexual activity with an adult. The photograph lends context to the ongoing conversation which forms the basis for the charges in the indictment and is thus a relevant and integral piece of evidence intrinsic to the charged offenses.

It is accordingly ORDERED that the motion in limine be, and it hereby is, denied and Government's Exhibit No. 1 is admissible at trial. Protective measures will need to be taken to shield the identity of the two children therein depicted by covering all or part of their faces.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record.

DATED: January 24, 2018

John T. Copenhaver, Jr.
United States District Judge